# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:21-cr-139-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | )<br>)<br>) |
| vs. | )<br>) **ORDER** |
| **DEANA SHARPER,** | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 66). In response, the Government has filed a Motion to Dismiss based on Defendant's failure to exhaust administrative remedies. (Doc. No. 68).

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Here, as the Government asserts in its brief in opposition, Defendant did not exhaust her administrative remedies before filing the pending motion. Because Defendant has not exhausted available administrative remedies, the Court denies Defendant's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se "Motion for Compassionate Release/Reduction of Sentence," (Doc. No. 66), is **DENIED**, without prejudice to Defendant to refile the motion after she has exhausted her administrative remedies with the BOP. To this extent, the Government's Motion to Dismiss, (Doc. No. 68), is **GRANTED**.

Signed: July 14, 2023

Max O. Cogburn Jr
United States District Judge