UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cr-00139-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **DEANA SHARPER,** | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Reduce Sentence pursuant to USSC Amendment 821. (Doc. No. 71). The Government opposes Defendant's motion. (Doc. No. 75). Although Defendant is eligible for a sentence reduction under Amendment 821, the Court will in its discretion deny Defendant's motion.

I. **Background**

Defendant pled guilty to wire fraud in August 2021. (Doc. No. 31). The probation office submitted a presentence report and calculated a total offense level of 16. (Doc. No. 41). That report assigned Defendant zero criminal history points and advised, based on the Sentencing Guidelines, a sentence of between 21 and 27 months in prison based on a total offense level of 16 and a criminal history category of I. (Id.). The Court imposed a sentence of 21 months. (Doc. No. 62). Defendant now moves for a reduced sentence under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 821.

Defendant has received two disciplinary citations in prison. Both relate to a June 2023 incident in which she (1) falsely told a Bureau of Prisons employee that she had received a medical pass to wear soft shoes in the cafeteria and (2) forged the pass in question.

## II. Legal Standard

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease for certain defendants who have zero criminal-history points. U.S.S.G. amend. 821 pt. B. A defendant is not eligible for this reduction if (1) she received a terrorism adjustment under U.S.S.G. § 3A1.4; (2) she used violence or credible threats of violence in connection with her offense; (3) the offense resulted in death or serious bodily injury; (4) the offense was a sex offense; (5) she personally caused substantial financial hardship; (6) she possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in connection with the offense; (7) the offense was an offense involving individual rights covered by U.S.S.G. 2H1.1; (8) she received a hate-crime-motivation or vulnerable-victim adjustment, U.S.S.G. § 3A1.1; (9) she was convicted of a serious-human-rights offense, U.S.S.G. § 3A1.5; (10) she

received an aggravating-role adjustment, U.S.S.G. § 3B1.1; or (11) she was engaged in a continuing criminal enterprise as defined in 18 U.S.C. § 848. Id.

When determining whether the defendant's offense caused "substantial financial hardship," § 4C1.1 directs a court to consider the factors described in the commentary to Sentencing Guidelines § 2B1.1. These factors include whether the offense resulted in the defendant's (1) becoming insolvent; (2) filing for bankruptcy; (3) suffering substantial loss of a retirement, education, or other savings or investment fund; (4) making substantial changes to his employment, such as postponing retirement; (5) making substantial changes to his living arrangements, such as relocating to a less expensive home; and (6) suffering substantial harm to his ability to obtain credit. U.S.S.G. § 2B1.1 cmt. n.4(F).

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for

substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

**III.   Analysis**

Defendant contends, and the Government accepts, that Ms. Sharper is eligible for a sentence reduction under Amendment 821. (Doc. No. 71 at 3; Doc. No. 75 at 5). At the time of sentencing, the presentence report assigned zero criminal history points and an offense level of 16, for a guidelines range of 21 to 27 months. Now, applying Amendment 821, Defendant would qualify for a two-level reduction in her offense level under U.S.S.G. § 4C1.1. That decrease would reduce her offense level from 16 to 14, resulting in an amended guidelines range of 15 to 21 months. See U.S.S.G. § 5A. Although Defendant's conduct caused her victim to suffer a significant loss, the Government concedes that the record lacks sufficient evidence to conclude that Defendant caused the kind of "substantial financial hardship" that would preclude her eligibility for a sentence reduction. (Doc. No. 75 at 5); see U.S.S.G. amend. 821 pt. B; U.S.S.G. § 2B1.1 cmt. n.4(F). Defendant is thus eligible for a reduced sentence of no less than 15 months. See U.S.S.G. § 1B1.10(b)(1)–(2).

Nonetheless, the Government argues that the Court should exercise its discretion to deny Defendant's motion for sentence reduction. Specifically, the Government contends that Defendant's misconduct while in prison counsels against a sentence reduction. The Court agrees.

Defendant was convicted of fraud. That she subsequently lied to prison officials and doubled down on that lie by forging a document suggests that Defendant's full sentence is necessary to (A) promote respect for the law, (B) adequately deter future criminal conduct, and

(C) protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a). True, Defendant's disciplinary infractions were minor and non-violent. True again, maintaining a perfect disciplinary record is difficult in federal prison. But the obvious similarities between Defendant's offense conduct and her disciplinary infractions convince the Court that a sentence reduction would not be appropriate in this case.

For the foregoing reasons, and as this Court found when it sentenced Ms. Sharper, a sentence of 21 months in prison is sufficient but not greater than necessary to accomplish the sentencing objectives articulated by 18 U.S.C. § 3553(a).

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to reduce sentence pursuant to USSC Amendment 821, (Doc. No. 71), is **DENIED**.

Max O. Cogburn Jr
United States District Judge